UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X   Docket No. 17-cv-5807
STEPHEN T. GREENBERG, M.D., P.C.,
d/b/a GREENBERG COSMETIC
SURGERY, and STEPHEN T.
GREENBERG, M.D.,

         Plaintiff,                    **COMPLAINT**

  -against-


PERFECT BODY IMAGE LLC, d/b/a
PERFECT BODY LASER AND
AESTHETICS, and JOHN DOE 1 – 5,

         Defendant.
------------------------------------------------------X

    Plaintiffs, STEPHEN T. GREENBERG, M.D., P.C., d/b/a GREENBERG COSMETIC SURGERY, and STEPHEN T. GREENBERG, M.D., by their undersigned counsel, as and for a Complaint in the above-captioned action, allege as follows:

## INTRODUCTION

    1.    This is an action under the Lanham Act, with state law claims for violation of New York Civil Rights Law § 50 and unfair competition. The action arises from Defendants' improper use of the name "Dr. Greenberg" in their internet advertising, specifically designed and intended to cause confusion and divert business from Plaintiff, a competitor.

## PARTIES

    2.    Stephen T. Greenberg, M.D., is a resident of the State of New York, County of Nassau.

3. Stephen T. Greenberg, M.D., P.C., d/b/a Greenberg Cosmetic Surgery, is a domestic professional corporation, duly authorized and existing by virtue of the laws of the State of New York.

4. Defendant Perfect Body Image LLC d/b/a Perfect Body Laser and Aesthetics is a domestic limited liability company, duly authorized and existing by virtue of the laws of the State of New York.

5. Defendants John Does 1 – 5 are fictitious names, intended to represent the members of Defendant Perfect Body Image LLC and/or other individuals responsible for the infringing advertising complained of herein.

**JURISDICTION AND VENUE**

6. This Court has Federal question jurisdiction over the within action pursuant to 28 U.S.C. § 1331, as the matter arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. This court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 based upon Defendants' residence, as well as being the judicial district wherein a substantial part of the events or omissions giving rise to the claims occurred.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. Stephen T. Greenberg, M.D., is a nationally renowned cosmetic plastic surgeon, television, and radio personality.

9. Through his medical practice Stephen T. Greenberg, M.D., P.C., d/b/a Greenberg Cosmetic Surgery, Stephen T. Greenberg, M.D., maintains offices in New York City, Nassau County, and Suffolk County, New York, as well as Boca Raton, Florida.

10. Plaintiffs provide among other services, laser treatments at their Long Island facilities.

11. Defendant PBI describes itself as a "full service laser skin care and aesthetics center located in Bay Shore, Long Island, New York."

12. For an unknown period of time, including August 2017, and continuing, Defendants have improperly utilized the name "Dr Greenberg" [sic] in their advertising.

13. Defendants are in no way affiliated or associated with Plaintiffs.

14. At no point have Plaintiffs authorized Defendants to utilize their name and/or designation as a medical doctor.

15. Upon information and belief, Defendants are not physicians, and not authorized to hold themselves out as medical doctors.

16. When placing a Google AdWords advertisement, the person or entity placing the advertisement supplies text for "heading 1" and "heading 2."

17. Defendants have and continue to use "Dr Greenberg" as the user-supplied text for "heading 1" of their Google AdWords advertisements, causing the advertisements to read: "Dr Greenberg – Award Winning Laser Treatments –

Perfectbodylaser.com," and linking to their website (hereinafter "AdWords Advertisement").

18. Upon information and belief, Defendants have also utilized keywords in their advertisements specifically designed to cause Defendant's pay-per-click advertisements to appear in response to organic searches for GCS, as well as appear in the "Google My Business" listings on Google Maps.

19. Defendants have refused to cease utilizing Plaintiffs' name in their advertising.

20. Plaintiffs demanded that Defendants cease and desist utilizing Dr. Greenberg's name in their advertising, including but not limited to through a cease and desist letter sent on or about August 31, 2017.

21. By letter dated September 5, 2017, and via telephone conversation on September 8, 2017 with Defendant's counsel, Doreen Shindel, Esq., Defendants have refused to cease utilizing Dr. Greenberg's name in their advertising, and intend to continue doing so.

I. **AS AND FOR A FIRST CAUSE OF ACTION UNDER THE LANHAM ACT, 15 U.S.C. § 1051, *et seq.*, INCLUDING 15 USC § 1125**

22. Plaintiff repeats, realleges, and reiterates each and every allegation hereinabove as if fully set forth herein.

23. Plaintiff's name, and derivations thereof, including "Dr. Greenberg," are and have become synonymous with Plaintiff's business through, among other things, use of the name in commerce, in the name of the business, media, and in advertising.

24. Defendants have and continue to use in commerce a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship or approval of Defendants with and/or by Plaintiff.

25. Defendants have and continue to use in commerce a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods, services, or commercial activities.

26. Specifically, Defendants have used the name "Dr Greenberg" in their advertising.

27. Defendants' use of the name "Dr Greenberg" is likely to cause confusion.

28. Defendants' use of the name "Dr Greenberg" is likely to cause mistake.

29. Defendants' use of the name "Dr Greenberg" is deceptive as to the affiliation, connection or association of Defendants with Plaintiffs.

30. Defendants' use of the name "Dr Greenberg" is deceptive as to the origin, sponsorship or approval of Defendants services.

31. Defendants' violations were willful.

32. As a direct and proximate result of Defendants' unauthorized, confusing, and deceptive use of Plaintiffs' name, Plaintiffs have suffered damages.

33. Plaintiffs are entitled to injunctive relief, disgorgement of profits, recovery of actual damages, treble damages, costs, attorneys' fees, and all other remedies permissible at law or equity, including but not limited to as provided for in 15 USC § 1117.

## II. AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF NY CIVIL RIGHTS LAW §50

34. Plaintiffs repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

35. Defendants have knowingly used Plaintiff Stephen T. Greenberg, M.D.,'s name for the purpose of trade without his written consent.

36. Defendants have violated New York Civil Rights Law § 50.

37. As a direct and proximate result of Defendants violation of New York Civil Rights Law § 50, Plaintiffs have suffered damages.

38. Pursuant to New York Civil Rights Law § 51, Plaintiffs are entitled to injunctive relief, and to recover from Defendants actual damages, plus exemplary damages.

## III. AS AND FOR A THIRD CAUSE OF ACTION FOR UNFAIR COMPETITION

39. Plaintiffs repeat, reallege, and reiterate each and every allegation hereinabove as if fully set forth herein.

40. Plaintiffs and Defendants are competitors in the areas of cosmetic laser services.

41. Plaintiffs derive income from the reputation of Stephen T. Greenberg, M.D., also commonly known as "Dr. Greenberg."

42. Plaintiffs reputation has been developed through, among other things, years of labor, skill, and expenditures, including but not limited to extensive advertising, and television and radio appearances.

43. Defendants have used Plaintiffs' name, without Plaintiffs' consent.

44. Defendants have attempted to improperly derive profit from the reputation, name, skill, and expenditures of Plaintiffs.

45. As a direct and proximate result of Defendants' unfair competition with Plaintiffs, Defendants have been unjustly enriched, and Plaintiffs have suffered damages.

**CONCLUSION**

WHEREFORE, Plaintiffs demand Judgment against Defendant enjoining Defendants from any use of Plaintiffs' name, or any derivation thereof, including "Dr. Greenberg" in any advertising; disgorgement of Defendants' profits; awarding Plaintiff compensatory damages, treble damages, exemplary damages, statutory damages, punitive damages, costs, and attorneys' fees.

Dated: October 4, 2017

                Respectfully submitted,

                */s/ Scott J. Kreppein, Esq.*

                Scott J. Kreppein, Esq.
                QUATELA CHIMERI, PLLC
                888 Veterans Memorial Hwy, Ste 530
                Hauppauge, New York 11788
                Phone: (631) 482-9700
                Fax: (631) 482-9707
                SJK@QCLaw.com