| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>STEPHEN T. GREENBERG, M.D., P.C.,<br>d/b/a Greenberg Cosmetic Surgery, and<br>STEPHEN T. GREENBERG, M.D.,<br><br>                              Plaintiffs,<br><br>        -against-<br><br>PERFECT BODY IMAGE, LLC, d/b/a<br>Perfect Body Laser and Aesthetics, and<br>JOHN DOE 1-5,<br><br>                              Defendants.<br>----------------------------------------------------------------X<br>FEUERSTEIN, District Judge: | FILED<br>CLERK<br><br>2:23 pm, Aug 20, 2019<br><br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE<br><br>**ORDER**<br>17-CV-5807 (SJF)(SIL) |

      Pending before the Court is the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated July 2, 2019 ("the Report"), (1) recommending that the motion of plaintiffs Stephen T. Greenberg, M.D., P.C., d/b/a Greenberg Cosmetic Surgery, and Stephen T. Greenberg, M.D. (collectively, "plaintiffs") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be denied in its entirety; that the cross motion of defendant Perfect Body Image, LLC, d/b/a Perfect Body Laser and Aesthetics ("defendant"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted; and that plaintiffs' claims against defendant be dismissed in their entirety with prejudice, and (2) advising, *inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court within 14 days of receipt of th[e] [R]eport[;]" and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." (Report at 31-32) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at * 2 (2d Cir. Nov. 20, 2008) (summary order); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the

1

Report was served upon counsel for all parties via ECF on July 2, 2019. (See Docket Entry ["DE"] 76).

By electronic order entered on July 16, 2019, *inter alia*, this Court granted plaintiffs' request for an extension of time to file objections to the Report until August 2, 2019. Nonetheless, plaintiffs have not filed any timely objections to the Report. For the reasons set forth below, the Report is accepted in its entirety.

I.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is non-jurisdictional and, thus, the Court may excuse a violation thereof "in the interests of justice." *Neita v. Precision Pipeline Sols.*, 768 F. App'x 12, 14 (2d Cir. Apr. 29, 2019) (summary order) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord Neita*, 768 F. App'x at 14.

II.     Review of Report

Since no party has filed any timely objections to Magistrate Judge Locke's Report, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied in its entirety; defendant's cross motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted; and plaintiffs' claims against defendant are dismissed in their entirety with prejudice.

III.    Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure is denied in its entirety; defendant's cross motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted; and plaintiffs' claims against defendant are dismissed in their entirety with prejudice. The Clerk of the Court shall enter judgment in favor of defendant and close this case.

SO ORDERED.

    /s/ *Sandra J. Feuerstein*
SANDRA J. FEUERSTEIN
United States District Judge

Dated: August 20, 2019
       Central Islip, New York