UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEPHEN T. GREENBERG, M.D., P.C., d/b/a
Greenberg Cosmetic Surgery, and STEPHEN T.
GREENBERG, M.D.,

                              Plaintiffs,

        -against-

PERFECT BODY IMAGE, LLC d/b/a Perfect Body
Laser and Aesthetics, and JOHN DOE 1-5,

                            Defendants.
-----------------------------------------------------------------X

**FILED**
**CLERK**

11:02 am, Oct 20, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
**17-CV-5807(SJF)(SIL)**

FEUERSTEIN, District Judge:

I.      Introduction

        On October 4, 2017, plaintiffs Stephen T. Greenberg, M.D., P.C., d/b/a Greenberg Cosmetic Surgery, and Stephen T. Greenberg, M.D. (collectively, "plaintiffs"), commenced this action against defendant Perfect Body Image, LLC, d/b/a Perfect Body Laser and Aesthetics ("defendant"), asserting claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and N.Y. Civ. Rights Law §§ 50, 51, and for unfair competition under New York state law. By order entered August 20, 2019, *inter alia,* plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure was denied, defendant's cross motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure was granted, and plaintiffs' claims against defendant were dismissed in their entirety with prejudice. Final judgment was entered in favor of defendant on August 21, 2019.

        Pending before the Court is defendant's motion for attorney's fees pursuant to 15 U.S.C. § 1117, and costs, in the total amount of sixty-two thousand four hundred forty-two dollars and

1

forty cents ($62,442.40).  For the reasons set forth herein, defendant's motion is denied in its entirety.

II.     Discussion[1]

Under the "American Rule" for awarding attorney's fees, "parties are ordinarily required to bear their own attorney's fees" and fees are not awarded to a prevailing party "absent explicit statutory authority." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *see also Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126, 135 S. Ct. 2158, 192 L. Ed. 2d 208 (2015) ("Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.")

Defendant seeks attorney's fees pursuant to Section 35(a) of the Lanham Act which provides, in relevant part, that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[2] 15 U.S.C. § 1117(a). There is no dispute that defendant is a "prevailing party" in this action.

"[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 530-31 (2d Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S. Ct. 1749, 188 L. Ed. 2d 816

---

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

[2] Defendant cites no statutory authority for awarding it attorney's fees with respect to plaintiffs' state law claims.

2

(2014)); *accord Desly Int'l Corp. v. Otkrytoe Aktsionernoe Obshchestvo "Spartak,"* 791 F. App'x 284, 285 (2d Cir. Feb. 3, 2020) (summary order).

Although districts court have "broad discretion to award attorney's fees," they must "engage in a 'case-by-case exercise of their discretion, considering the totality of the circumstances' in determining whether the case is 'one that stands out from others,' so as to warrant an award of fees." *4 Pillar Dynasty LLC v. New York & Company, Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (quoting *Octane Fitness*, 572 U.S. at 554, 134 S. Ct. 1749). In applying *Octane Fitness*'s "flexible definition of the 'exceptional case' appli[cable] to the attorney's fees provision in the Lanham Act," *4 Pillar Dynasty*, 933 F.3d at 215, courts "consider[] a wide variety of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."[3] *Sleepy's*, 909 F.3d at 530; *accord Desly*, 791 F. App'x at 285.

"A party seeking attorneys' fees under the Lanham Act must establish its entitlement to such fees by a preponderance of the evidence." *Eliya, Inc. v. Steven Madden, Ltd.*, No. 15-cv-1272, 2019 WL 4593451, at *2 (E.D.N.Y. Sept. 23, 2019).

    A.    Frivolousness

"An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an

---

[3] "This exercise differs appreciably from prior practice" in this Circuit. *4 Pillar Dynasty*, 933 F.3d at 216. Thus, although "[t]raditionally, the Second Circuit had deemed a case 'exceptional' only if the prevailing party in a trademark infringement case put forth evidence of fraud or bad faith[,] . . . the Supreme Court embraced a more flexible standard [in *Octane Fitness*]." *Streamlight, Inc. v. Gindi*, No. 18-cv-987, 2019 WL 6733022, at *17 (E.D.N.Y. Oct. 1, 2019), *report and recommendation adopted*, 2019 WL 6726152 (E.D.N.Y. Dec. 11, 2019).

indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998); *accord Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, No. 1:15-cv-06478, 2020 WL 1467118, at * 3 (S.D.N.Y. Mar. 26, 2020). "A claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law, . . . or a dispositive defense clearly exists on the face of the complaint." *Livingston*, 141 F.3d at 437.

Although plaintiffs' claims were ultimately unsuccessful, the legal theories on which they were rooted had clear bases in law. "In this regard, defendant['s] failure to move to dismiss any of plaintiff[s'] claims at the outset of this litigation is telling." *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14 Civ. 5213, 2019 WL 4601741, at *3 (S.D.N.Y. Sept. 19, 2019). Also telling is that although defendant refused to stop engaging in the allegedly infringing conduct, *i.e.*, its challenged online marketing campaign, in response to plaintiffs' pre-suit cease and desist letter, it suspended the campaign approximately two (2) months after this action was commenced. Accordingly, plaintiffs' claims were not frivolous.

B.   Motivation

Furthermore, defendant has not established that plaintiffs brought this action for an improper reason. "The paradigmatic case of improper motive justifying an 'exceptional' case finding is where a plaintiff with no intention of testing the substance of its theories brings meritless claims to extract a nuisance value settlement based on the fact that defendants will be required to expend tens or hundreds of thousands of dollars in discovery." *Universal Church*, 2019 WL 4601741, at *4; *see, e.g. I.O.B. Realty, Inc. v. Patsy's Brand, Inc.*, No. 19-cv-2776, 2020 WL 5518230, at *14 (S.D.N.Y. Sept. 13, 2020). Defendant has not demonstrated that

4

plaintiffs sued it merely to extract a settlement and, indeed, plaintiffs "tested [their] claims, presumably at considerable cost, and lost."[4] *Universal Church*, 2019 WL 4601741, at *4.

There is also no evidence of bad faith.[5] Contrary to defendant's contention, the fact that plaintiffs may have lowered their settlement demand during pre-discovery settlement discussions hardly demonstrates their bad faith in pursuing this litigation. Rather, plaintiffs attempted to resolve this matter for an amount recommended by the Court prior to engaging in time-consuming and costly discovery, yet defendant elected to proceed with the litigation despite being cautioned about the costs attendant to discovery. Plaintiffs also declined to seek further judicial review of the decision denying their motion for summary judgment and granting defendant summary judgment, either by objecting to Magistrate Judge Locke's report and recommendation, seeking reconsideration of the order adopting the report and recommendation, or appealing the final judgment in this action. Accordingly plaintiffs' litigation conduct "evinces a good faith effort to minimize both parties' investment of time and money and undermines Defendant['s] allegations of an improper motive." *Magnum Photos Int'l, Inc. v. Houk Gallery, Inc.*, No. 16-cv-7030, 2019 WL 4686498, at *3 (S.D.N.Y. Sept. 26, 2019).

---

[4] Plaintiffs sought, *inter alia*, both injunctive relief and damages in this action. As noted above, approximately two (2) months after this action was commenced, defendant suspended its allegedly infringing activity. Thus, plaintiffs clearly did not commence this action solely to extort a settlement from defendant.

[5] The fact that plaintiffs may have engaged in the "same behavior themselves" approximately twenty-one (21) months after they commenced this litigation, and one (1) day after Magistrate Judge Locke issued the report and recommendation recommending, *inter alia*, that defendant's motion for summary judgment be granted, does not, as defendant contends, establish that plaintiffs acted in "bad faith in bringing this action from the start." (Def. Mem. at 11). Indeed, plaintiffs could reasonably believe after receiving the Report that, contrary to their belief when they initiated and pursued this litigation, the conduct by defendant which they challenged in their complaint was not, in fact, unlawful and that they were, thus, free to engage in such conduct themselves.

C. Objective Unreasonableness[6]

This case does not "stand out" from others with respect to either the strength of plaintiffs' litigation position or the manner in which it was litigated. "'Objective unreasonableness' is generally used to describe claims that have no legal or factual support." *Latin American Music*, 2020 WL 2848232, at *3 (quoting *Viva Video, Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001) (summary order)); *see also PaySys Int'l, Inc. v. Atos Se*, No. 14-cv-10105, 2019 WL 2051812, at *9 (S.D.N.Y. May 9, 2019) ("The Second Circuit . . . has defined 'objective unreasonableness' for legal theories as whether the argument is frivolous, i.e. the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands. . . . With regard to factual contentions, objective unreasonableness requires a particular allegation to be utterly lacking in support.") "[T]he mere fact that summary judgment has been granted in favor of a defendant is not the equivalent of a finding that plaintiff's claims are objectively unreasonable." *Magnum Photos*, 2019 WL 4686498, at *2; *see also Fortgang*, 2018 WL 1832184, at * 10 ("Although a plaintiff's inability to substantiate any of its allegations could lead to an award of attorneys' fees, that inability does not require an award of fees, so long as the

---

[6] "Although objective unreasonableness is not the same as frivolousness, both factors are often analyzed by inquiring whether there is indisputably absent any factual or legal basis for plaintiff's claims. . . . In general, courts appear to treat frivolousness as a particularly intense form of objective unreasonableness." *Magnum Photos*, 2019 WL 4686498, at *2; *see also Latin American Music Co. v. Spanish Broad. Sys., Inc.*, No. 13-cv-1526, 2020 WL 2848232, at *3 (S.D.N.Y. June 1, 2020) ("Frivolousness is a distinct factor from objective unreasonableness, and although the line between the two is not always well defined, it is generally considered a particularly intense form of objective unreasonableness."); *Insurent Agency Corp. v. Hanover Ins. Co.*, No. 16-cv-3076, 2020 WL 86813, at *6 (S.D.N.Y. Jan. 8, 2020), *report and recommendation adopted*, 2020 WL 1080774 (S.D.N.Y. Mar. 6, 2020) ("Frivolousness, like objective unreasonableness, requires a court to determine whether the claim at issue lacked an arguable basis either in law or in fact. . . . This factor clearly overlaps significantly with the consideration of objective unreasonableness, although the Second Circuit has indicated that the two factors are not necessarily coextensive."); *Fortgang v. Pereiras Architects Ubiquitous LLC*, No. CV-16-3754, 2018 WL 1832184, at * 10-11 (E.D.N.Y. Mar. 9, 2018), *report and recommendation adopted*, 2018 WL 1505564 (E.D.N.Y. Mar. 27, 2018) ("The label of 'frivolous' is appropriately reserved for the most extreme cases. . . . A claim that is not frivolous may still be objectively unreasonable. . . . While all frivolous claims are necessarily objectively unreasonable, a claim need not be deemed 'frivolous' in the ordinary sense to be deemed objectively unreasonable so as to support an award of fees.")

plaintiff had some support at the time it was initiated.") Indeed, summary judgment was ultimately granted dismissing plaintiffs' Lanham Act claim based upon, *inter alia*, the lack of evidentiary support submitted by plaintiffs in support of that claim; not because the claim was objectively unreasonable or without any basis in law or fact.[7] Neither plaintiffs' legal assertions, nor their factual allegations, were objectively unreasonable.

Furthermore, "[u]nder the standard set forth in *Octane Fitness, LLC*, a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *I.O.B. Realty*, 2020 WL 5518230, at *10; *accord Blair v. Alstom Transp., Inc.*, No. 16 Civ. 3391, 2020 WL 4504842, at * 7 (S.D.N.Y. Aug. 5, 2020). However, no substantial litigation misconduct occurred on the part of plaintiffs as to make this case "stand out" as exceptional under the *Octane Fitness* standard. Indeed, plaintiffs' litigation conduct was no less, and perhaps even more, reasonable than defendant's conduct during the course of this litigation. By way of example, defendant sought no less than five (5) adjournments of pretrial conferences, and failed to appear for two (2) proceedings before the Court. (*See* DE [13], [14], [18], [21], [22], [27], [41]). Similarly, after the initial discovery deadline was extended at the parties' request, defendant sought further requests to expand the discovery window. (*See* DE [42], [43], [45]). In addition, defendant made a number of improper filings in this case. (*See, e.g.* DE [20] (notice of

---

[7] Indeed, in weighing the *Polaroid* factors with respect to the element of likelihood of confusion, the Court found, *inter alia*, that five (5) of the factors were neutral or did not impact the Court's analysis, and that one (1) of the factors weighed in plaintiffs' favor. Furthermore, contrary to defendant's contention, (*see* Def. Reply at 8), Magistrate Judge Locke delineated several manners in which plaintiffs could have demonstrated that Dr. Greenberg's surname had acquired secondary meaning so as to be entitled to protection under the Lanham Act, (*see* Report at 14 [referring to "proof concerning advertising expenditures, sales success, the length and exclusivity of the mark's use, or consumer studies linking Dr. Greenberg's names to his services," data on the commercial success or recognition of Dr. Greenberg's book, and "evidence of listenership or .. . . details on the scheduling of Dr. Greenberg's purported radio appearances"]; he merely found that plaintiffs did not meet their evidentiary burden in that regard.

appearance filed as a motion to appoint counsel), [22] (motion for adjournment of a pretrial conference filed as a letter), [25] and [26] (discovery materials that were not the subject of a discovery application at the time they were filed), [28] (motion to adjourn a pretrial conference that was filed two and a half hours after the conference was held), [29] and [32] (letters to opposing counsel), [52] (motion for summary judgment not filed in accordance with the undersigned's individual rules)). Moreover, in defendant's second motion seeking to extend the discovery deadline, defendant acknowledged that "[b]oth parties have done their due diligence to complete discovery," and that "any delay in discovery was not intentional or abusive." (DE [43]). Thus, defendant has not established that the manner in which plaintiffs litigated this case was objectively unreasonable or exceptional.

> D. Compensation and Deterrence

Finally, defendant has not established that an award of attorney's fees and costs is necessary to deter plaintiffs or others from engaging in similar litigation in the future. There is no indication that plaintiffs are serial Lanham Act litigants, nor, as noted above, that plaintiffs commenced this action in bad faith. *See, e.g. Universal Church*, 2019 WL 4601741, at *4 (finding that the defendants did not establish a need to deter plaintiff where, *inter alia*, they failed either to show that the plaintiff brought the action to extort a settlement from the defendants, or to "identif[y] a broader pattern of plaintiff's conduct that th[e] Court should discourage."); *Hypnotic Hats*, 2020 WL 1467118, at * 3 (accord).

Defendant also has not demonstrated that an award of attorneys' fees and costs is necessary to compensate it for the resources expended in defending this action. Although defendant ultimately prevailed on summary judgment, "exceptionality requires more in a system

8

in which the American Rule deprives thoroughly successful litigants of attorneys' fees every day, and that more is wanting here." *Universal Church*, 2019 WL 4601741, at * 5. For example, defendant has not shown that plaintiffs "used unreasonable litigation tactics, . . . [or were] otherwise guilty of any litigation misconduct, that needlessly swelled [defendant's] expenses." *Id.* Accordingly, defendant has not established that this is an exceptional case warranting the Court's exercise of discretion to award attorney's fees under Section 35(a) of the Lanham Act.

III.   Conclusion

For the reasons set forth above, defendant's motion for attorney's fees and costs is denied in its entirety.

SO ORDERED.

                                            /s/ *Sandra J. Feuerstein*
                                            Sandra J. Feuerstein
                                            United States District Judge

Dated:  October 20, 2020
        Central Islip, New York